UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:08-CR-93-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BRYAN S. KOS | ) | |
| DAVID A. HAGEN | ) | |

This matter is before the court on the government's motion *in limine* to admit foreign business records. In response, defendant Hagen filed an objection and motion to suppress. Defendant Kos adopts the motion to suppress. The government filed a reply. Thus, the matter is ripe for disposition.

The government seeks to admit foreign business records by certifications pursuant to 18 U.S.C. § 3505. This statute provides in pertinent part:

> In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that--
> (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> (B) such record was kept in the course of a regularly conducted business activity;
> (C) the business activity made such a record as a regular practice; and
> (D) if such record is not the original, such record is a duplicate of the original;
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

18 U.S.C. § 3505(a)(1). A "foreign certification" under the statute is "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under

the laws of that country." Id. § 3505(c)(2). The certification serves to authenticate the foreign record. Id. § 3505(a)(2). The government attaches to its motion a number of certifications purportedly executed in accordance with § 3505.

Defendants argue that the certifications lack sufficient indicia of reliability and admission of the business records they certify would therefore violate defendants' right to confront witnesses under the Sixth Amendment. As a result, defendants contend, the court should exclude the foreign business records or, alternatively, permit defendants to depose the foreign record custodians. It is significant to note that defendants do not otherwise challenge the admissibility of the underlying foreign business records.

In addition, it is noteworthy defendants do not claim that the certifications do not meet the requirements of § 3505(a)(1)(A)-(D). Rather, defendants point to a number of "defects" with the certifications. The certifications' "defects" can be summarized as follows. There is no statement that the signer understands the English language. No certification includes an official seal (such as that of a notary) to indicate that the certification was sworn, affirmed, or witnessed. One certification appears dated prior to the time period at issue. Two certifications are undated. No certification contains a statement describing the records attached.

The court starts its analysis with the Confrontation Clause and specifically its protections to accused. The Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. It bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004).

> [A] statement must be "testimonial" to be excludable under the Confrontation Clause.
>
> While the Supreme Court has yet to spell out a comprehensive definition of the term "testimonial," it has provided guidance as to its meaning. To begin, in *Crawford*, the Court set forth three formulations of the "core class of 'testimonial' statements": One, "*ex parte* in-court testimony or its functional equivalent- that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; two, "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and three, "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." As the Court in *Crawford* pointed out, these three formulations of the "core class" of testimonial statements share a "common nucleus." All three of these formulations indicate, twice explicitly, that the "common nucleus" of the "core class" of testimonial statements is whether a reasonable person in the declarant's position would have expected his statements to be used at trial- that is, whether the declarant would have expected or intended to "bear witness" against another in a later proceeding.

United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008) (citations omitted).

The court has located only one decision, post-*Crawford*, addressing a Confrontation Clause challenge to the certification of foreign business records. In United States v. Qualls, 553 F. Supp. 2d 241, 245-46 (E.D.N.Y. 2008), the district court concluded "that the authentication of foreign business records pursuant to § 3505 does not violate the Confrontation Clause." It relied on circuit decisions rejecting *Crawford* challenges to certification of domestic business records and on *Crawford* itself. Its analysis is worth repeating here.

> In the context of traditional hearsay exceptions, the Supreme Court noted that business records "by their nature were not testimonial." The court cannot envision that the Supreme Court expressed continued support for the admission of a category of records yet prohibited the admission of records necessary to authenticate them. Moreover, in complex cases such as this one, that involve the

3

> admission of business records from numerous sources, including foreign entities, a holding as Defendant suggests would dramatically decrease judicial efficiency at minimal or no gain to the truth-seeking process. This is particularly true in light of today's global economy and the facilitation of international financial transactions by the advent of modern technology such as the internet. The government would be required to call a live witness or to accompany the defendant on a deposition abroad to lay the foundation for the business records of each foreign entity it sought to introduce. Such procedures for admission of foundational evidence would swallow up the efficiency gained by the exception.
>
> The court recognizes that § 3505 certifications are, at least superficially, statements attested to and "produced through the involvement of government officers . . . with an eye towards trial." Typically, these certifications are prepared at request of and in concert with the government. They are, however, "a far cry from the threat of *ex parte* testimony that *Crawford* saw as underlying, and in part defining, the Confrontation Clause." As an example of the historic and abusive admission of testimonial hearsay at issue in *Crawford*, the Court referred to the *ex parte*, extrajudicial confessions used to secure a death sentence in the treason trial of Sir Walter Raleigh in 1603. By contrast, § 3505 certifications do not contain any information about defendants, the relative merits of the charges against defendants, or any factual support for the charges. They simply attest to the reliability of "the procedures necessary to create a business record."

Id. at 246 (citations omitted).

The court agrees. Certifications of foreign business records are not the sort of testimonial evidence the Confrontation Clause bars. To be sure, the custodians would reasonably expect that their certifications would be used prosecutorially. However, a "business record certification . . . does not serve independently as evidence in th[e] case; rather, it serves merely to lay a foundation for the admission of business records." United States v. Bryant, No. 3:04-CR-47-01, 2006 WL 1700107, *4 (W.D. Va. June 15, 2006) (rejecting *Crawford* challenge to business record certification under Fed. R. Evid. 803(6), 902(11)). If the business records themselves are non-testimonial, see Crawford, 541 U.S. at 56; United States v. De La Cruz, 514 F.3d 121, 133 (1st Cir. 2008), it seems

4

illogical to conclude that the document which authenticates them is testimonial. Thus, the court holds that the Confrontation Clause does not bar admission of the foreign business records certifications at issue here and the foreign business records.

Finally, in light of defendants' reliance on Ohio v. Roberts, 448 U.S. 56 (1980), the court finds it important to note that "*Crawford* overruled *Roberts*." Whorton v. Bockting, 127 S. Ct. 1173, 1182 (2007).

> Under *Roberts*, an out-of-court nontestimonial statement not subject to prior cross-examination could not be admitted without a judicial determination regarding reliability. Under *Crawford*, on the other hand, the Confrontation Clause has no application to such statements and therefore permits their admission even if they lack indicia of reliability.

Id. at 1183. Because the court concludes that the Confrontation Clause does not apply to the certifications here, the court is not required to determine that the certifications (or the underlying records themselves) bear sufficient indicia of reliability. Even if reliability was required, the court would not find it lacking based on the certifications alone. See generally United States v. Gleave, 786 F. Supp. 258, 278-79 (W.D.N.Y. 1992) (pre-*Crawford*) (rejecting the defendants' attack on affidavit accompanying foreign record certification based on illegible record custodian's signature and failure to specify whether the custodian swore or affirmed; "[t]he attestation by the record custodian pursuant to § 3503(c)(2) that he will be subject to criminal liability for a false certification affords the Records a sufficient degree of reliability." (citation omitted)), rev'd on other grounds, 16 F.3d 1313 (2nd Cir. 1994).

The government's motion is ALLOWED. Defendants' motion to suppress is DENIED.

This 25 November 2008.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge